HEARD APRIL TERM, 1875.

## GILLILAND, HOWELL & CO. *vs.* GASQUE.

Where the action is at law, the Supreme Court has no power to interfere with a Referee's conclusion of fact confirmed by the Circuit Judge.

An attorney at law has no power to release his client's claim.

BEFORE TOWNSEND, J., AT MARION, NOVEMBER TERM, 1874.

This was an action by the survivors of Gilliland, Howell & Co. against E. H. Gasque.

The issues in the case were referred to W. D. Johnson, Esq., who filed his report as follows:

The Referee to whom it was referred to hear and to determine the question of fact and law in the above stated case, and to report his conclusion to the Court, respectfully reports that the defendant made his sealed note for sixty-four dollars and forty-nine cents, on the second day of May, 1860, payable to Gilliland, Howell & Co. six months after the day aforesaid; that the defendant made his other sealed note for $677.25 on the eighteenth day of September, A. D. 1860, payable six months after day last aforesaid to Gilliland, Howell & Co.; and that the defendant made his other sealed

note for $113.99, on the eighteenth day of October, 1860, payable to Gilliland, Howell & Co. six months after the day last-aforesaid. The execution of these sealed notes was admitted, and the defense set up was that on the second day of February, 1861, the defendant made to Neil C. McDuffie an assignment of his whole estate for the benefit of his creditors, and that the fourth class of creditors, in which Gilliland, Howell & Co. were placed, were only to share in the benefit of the assigned estate by consenting to take a *pro rata* share of the same, if it should turn out that the estate was not sufficient to pay all the debts, and, after a reasonable notice, to be given by the assignee, to signify the same, and to execute a release in writing from all further liability. The notice was given to the plaintiffs and other creditors, and a meeting of creditors was held, and notes sued on were in the hands of Col. N. Phillips, a lawyer, at that time, of Marion, S. C. He held, in the aggregate, more than one-half· the claims against the assigned estate, and had C. D. Evans appointed agent of creditors, and he drew up a paper by which the terms of the assignment were accepted and a release was executed to the defendant. This was signed by Col. Phillips, representing the plaintiffs and various other creditors, by W. W. Sellers, Esq., representing several creditors, and by C. D. Evans, representing one or more creditors. This paper was lost, and the parol evidence of its contents were not very satisfactory, though the conclusions I drew were as above stated.

The notes were all endorsed in blank by the payers, a fact which was not in any way called to my attention during the trial. If Col. N. Phillips had accepted the assignment, and made the release in his own name as assignee, I would hold the release as binding. If he held the notes separately, as an attorney at law, and accepted and released in that capacity, I would say he transcended his authority. There was no evidence as to when these endorsements were made, but I presume they were made before they came into the hands of Col. Phillips. Did he accept and release as attorney at law, or did the possession after notes endorsed confer on him the right to accept or release as attorney in fact?

This question is the only one that creates any embarrassment in the case; and whilst the evidence is not satisfactory on the subject, I am forced to the conclusion that Col. Phillips acted in the whole matter as attorney at law, and this I infer from the character of the endorsement herewith filed. I find as a question in fact, that the

three sealed notes were executed by the defendant; that Col. N. Phillips accepted and released as attorney at law; and I find that, as a question of law, that in so doing he transcended his authority, and that the release was inoperative. The sealed notes amounted to $1,594.23 on the 20th day of June, 1873, and I recommend that the plaintiffs do have judgment for same from date of this report.

The defendant excepted to the report of the Referee:

I. On his conclusion of fact.

Because, by the testimony, N. Phillips, Esq., at the time of the meeting of creditors, was in possession of the notes of plaintiffs, duly endorsed, and as such was admitted to participate in the election of agent of creditors, which he did, and by his possession of the notes of the plaintffs, so endorsed, and sued on against defendant, controlled the election of such agent of creditors. The conclusion of fact, therefore, should have been that he was attorney in fact, or agent of the plaintiffs, and as such was authorized to act as he did, the notes being then due.

II. As to his conclusion of law.

1. Because N. Phillips had possession of the said notes, sued on and endorsed by plaintiffs, which was, in fact or in law, an assignment of the same, as the holder saw fit. The conclusion of law should be that he was the agent and attorney in fact, inasmuch as by such possession he was enabled to control the election of agent of creditors, and thereby divest the estate of the assignor (the defendant) from the hands of those confessedly authorized to act for other creditors.

2. Because any other conclusion would result in the just imputation of fraud of the said N. Phillips, thus aided and assisted by the plaintiffs, and, under the circumstances, it is the more proper inference, and due to all the parties, that such conclusion should not prevail.

3. Because, whether the said N. Phillips was attorney at law or attorney or agent in fact, he was enabled by the plaintiffs to control the election of agent of creditors, by the fact that their sealed notes, duly assigned and endorsed before due, were in his possession; and having by this means controlled the assets of the defendants, the plaintiffs are bound, both in law and equity, to abide his actions and acquiesce in his agency, there exhibited and executed; and to

repudiate it after the lapse of time and acquiescence shown is a fraud upon the defendant and his other creditors which the Court cannot allow them to perpetrate.

His Honor confirmed the report and ordered that it stand as the judgment of the Court.

The defendant appealed.

*Harllee*, for appellant.

*McIver & Shaw*, contra.

June 26, 1875. The opinion of the Court was delivered by

WRIGHT, A. J. The Referee found as a matter of fact that N. Phillips acted throughout the whole transaction as an attorney at law.

There appears to be sufficient evidence to warrant such a conclusion. The presiding Judge confirmed the report of the Referee, and this Court has no power in a case at law to interfere with the findings of fact.—*Abrams & Son* vs. *Kelley & Barret*, 2 S. C., 235; *Bird* vs. *Small, idem,* 388.

The question of law involved in these cases is, had N. Phillips, as an attorney at law, the power to bind his clients by executing a release as such attorney? This question has been so ably argued and well settled by an opinion delivered by Chief Justice Moses, in the case of *Mayor* vs. *Blease,* (4 S. C., 10,) that we deem it unnecessary to do more than to refer to that case and others there cited as settling it.

The second ground of appeal sets up that any other conclusion than that arrived at by the attorney for the appellant "would result in the just imputation of fraud of the said N. Phillips, &c."

All attorneys at law are liable to make mistakes. Fraud is nowhere charged or imputed to Mr. N. Phillips; on the contrary, it is expressly disclaimed. But even if there was such a charge, the law should be justly applied and administered for the good and protection of the people, and not to shield or save any particular individual from "just imputations of fraud."

The motion in each of the above entitled cases must be dismissed.

*Moses,* C. J., and *Willard,* A. J., concurred.